**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                  Case No. 03-81060-2

JIHAN JABERO,

    Defendant.
                                                    /

**OPINION AND ORDER GRANTING DEFENDANT'S "MOTION FOR EXTENSION OF TIME TO FILE RESPONSE/REPLY OUT OF TIME," DIRECTING THE CLERK OF THE COURT TO DOCKET DEFENDANT'S PROPOSED REPLY, DENYING DEFENDANT'S "MOTION TO VACATE SENTENCE UNDER 28 U.S.C. § 2255," AND TERMINATING DEFENDANT'S "MOTION TO VACATE CONVICTION AND GUILTY PLEA . . ."**

Pending before the court is Defendant Jihan Jabero's "Motion to Vacate Sentence Under 28 U.S.C. § 2255," filed on April 29, 2011, in which Defendant alleges that her trial counsel's alleged failure to inform her of the immigration consequences of her guilty plea constituted ineffective assistance of counsel. After reviewing the motion, the Court entered an order stating that it intended to construe the motion as a motion for relief from judgment under 28 U.S.C. § 2255 and, in light of the potential legal consequences of so doing, gave Defendant an opportunity to either withdraw the motion, file an amended motion under § 2255, or to file a "Notice of Agreement" with the court's characterization. (*See* 5/4/2012 Order, Dkt. # 117.) On May 16, 2011, Defendant filed a notice expressly accepting the court's characterization of the motion and agreeing that the motion was brought under § 2255.

The Government filed a response in opposition, arguing that the motion is barred by § 2255's one-year statute of limitations and Defendant is nevertheless unable to satisfy the ineffective assistance standard established in *Strickland v. Washington*, 466 U.S. 668 (1984). Defendant's counsel thereafter filed a "Motion for Leave to File Respondent's [sic] Reply Out of Time," explaining that he was unable to file a reply during the time period permitted because a computer server at his office was destroyed by water damage. Defendant counsel's explanation satisfies the excusable neglect standard of Federal Rule of Civil Procedure 10(B), and the court will grant the motion for leave to file the proposed reply brief. The Clerk of the Court will be directed to docket the proposed reply brief, attached as an exhibit to the motion for leave, as Defendant's reply to the Government's response.

In the three-page reply, Defendant for the first time suggests that the court construe Defendant's motion as a writ of error *coram nobis*, pursuant to 28 U.S.C. § 1651, to avoid the possible consequences of § 2255's statute of limitations. (Def.'s Reply 2, Dkt. # 126-1.) "At common law, the writ of error *coram nobis* was used as a device for correcting fundamental errors in both civil and criminal cases." *United States v. Johnson*, 237 F.3d 751, 753 (6th Cir. 2001). Suspended in civil cases by Federal Rule of Civil Procedure 60, federal courts have retained the power to issue the writ in the criminal context pursuant to the All Writs Act, 28 U.S.C. § 1651. *Id.* (citing *United States v. Morgan*, 346 U.S. 502, 506 (1954)). Although it has been used "to vacate a federal conviction after the petitioner has already served his sentence and relief under 28 U.S.C. § 2255 is unavailable*," id.*, Defendant has not proffered any legal authority, nor is the court aware of any, supporting the proposition that *coram nobis* may be used

to avoid the statute of limitations under § 2255.  Indeed, ample case law suggests the contrary.  *See, e.g.*, *Barreto-Barreto v. United States,* 551 F.3d 95, 103 (1st Cir. 2008) (holding that the petitioners could not establish the availability of the writ of error *coram nobis* because they "failed to demonstrate that their § 2255 petitions could not have been brought within the one-year limitations period" and stating that they could not "resort to *coram nobis* relief to avoid § 2255's deadlines"); *Trenkler v. United States*, 536 F.3d 85, 98-99 (1st Cir. 2008) (holding that to allow a petitioner who is unable to bring a § 2255 petition due to "his own tardiness and AEDPA's gatekeeping provisions" to seek refuge in a writ of error *coram nobis* "would reduce AEDPA's gatekeeping provisions to a 'meaningless gesture.'" (quoting *United States v. Barrett*, 178 F.3d 34, 50 (1st Cir.1999))); *Matus-Leva v. United States*, 287 F.3d 758, 761 (9th Cir.2002) ("A petitioner may not resort to *coram nobis* merely because he has failed to meet the AEDPA's gatekeeping requirements.").  Having already expressly stated that she seeks relief pursuant to § 2255, Defendant may not now at the eleventh hour, and after briefing has concluded, ask the court to construe the motion as a writ of error *coram nobis* to avoid the procedural bar of § 2255(f).  The court will consider the motion only as a motion to vacate her sentence under § 2255.

For the reasons set forth below, the motion must be denied.

## I.  BACKGROUND

In November 2003, Defendant, who immigrated to the United States from Iraq as a lawful permanent resident in 1989, was indicted on ten criminal counts related to the possession and distribution of large quantities of ephedrine, a chemical substance used to produce methamphetamine.  On October 31, 2005, Defendant pled guilty to three

3

misdemeanor counts of engaging in a regulated transaction without obtaining required identification in violation of 21 U.S.C. § 842(a)(9). All other counts contained in the second superseding information, including three felony charges, were dismissed. The court sentenced Defendant to six months imprisonment for counts six and nine to run consecutively and to six months for count twelve to run concurrently. Defendant was also sentenced to one year supervised release for each Count to run concurrently. Judgment was entered on April 27, 2006.

Defendant served one year imprisonment at the Women's Penal Institution in Tallahassee, Florida. Review of the court's records indicate that the supervised release portion of her sentence expired on February 24, 2011, at which time the Probation Department closed her case. Sometime subsequent to the completion of her sentence, Defendant states that she was placed in the custody of the Department of Homeland Security, Immigration and Customs Enforcement ("ICE") in Miami, Florida, for possible deportation proceedings. By agreement and stipulation with the Government, ICE released her from custody on a $12,000 bond after she surrendered her passport. Defendant has since appeared before the Office of the Immigration Judge in Detroit, Michigan, for further immigration proceedings. Beyond these facts, her current immigration status is unknown to the court.

On April 29, 2011, five years after this court's entry of judgment, Defendant filed a "Motion to Vacate Sentence Under 29 U.S.C. § 2255," claiming that she was not "advised by her counsel that she could face deportation and/or removal from the United States as a result of her guilty pleas," (Def.'s Mot. Vacate ¶ 8, Dkt. # 118), and that counsel "wrongly advised . . . her . . . that if she plead [sic] guilty to [the three]

4

misdemeanors she would not face deportation or removal proceedings," (*id.* at ¶ 7). She claims that in light of the Supreme Court's decision in *Padilla v. Kentucky*, 559 U.S. __, 130 S. Ct. 1473 (2010), her lawyer's failure to advise her of the immigration consequences of her guilty plea constitutes ineffective assistance of counsel and justifies vacating her conviction. (Def.'s Mot. Vacate ¶ 10-12.)

## II. STANDARD

Under § 2255, a prisoner sentenced by a federal court may "move the court which imposed the sentence to vacate, set aside or correct the sentence" when "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255. However, a prisoner seeking relief under § 2255 must first satisfy two procedural requirements. First, the prisoner must be "in custody," *see* 28 U.S.C. § 2255(a), which the Supreme Court has interpreted as requiring that the prisoner "be 'in custody' *under the conviction or sentence under attack* at the time his petition is filed." *Maleng v. Cook*, 490 U.S. 488, 491 (1989) (emphasis added). And second, the prisoner must show that her motion was filed within the one-year period of limitation that applies to all motions filed under 28 U.S.C. § 2255, which runs from the latest of:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

5

> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

### III. DISCUSSION

Defendant's motion must be denied because it is both time barred and she has not established that she was in custody "under the conviction or sentence under attack at the time" the motion was filed, *Maleng*, 490 U.S. at 491. Moreover, even if Defendant were able to overcome the procedural bars of § 2255, she would not be entitled to relief because she has not satisfied the *Strickland* standard.

Although filed five years after the court entered judgment in this case, Defendant argues that the motion is timely under § 2255(f)(3), because her claim for relief is predicated on the holding in *Padilla*, which, in her view, is retroactively applicable to cases on collateral review. Neither the Sixth Circuit nor the Supreme Court has ruled on the retroactivity of *Padilla*.[1] Circuits that have addressed the issue, however, have analyzed the question under the framework established by the Supreme Court in *Teague v. Lane*, 489 U.S. 288 (1989), and are divided as to whether *Padilla* announced a non-retroactive "new" rule of criminal procedure or a retroactive articulation and application of an existing rule under. *See e.g.*, *United States v. Amer*, 681 F.3d 211,

---

[1]The Supreme Court has, though, granted *certiorari* in *Chaidez v. United States*, 655 F.3d 684 (7th Cir. 2011), *cert. granted*, 132 S.Ct. 2101 (April 30, 2012) (No. 11-820), to consider *Padilla's* retroactivity.

6

214 (5th Cir. 2012) (holding that *Padilla* is not retroactive); *Chaidez*, 655 F.3d at 694 (7th Cir. 2011) (same); *United States v. Chang Haong*, 671 F.3d 1147, 1155 (10th Cir. 2011) (same); *United States v. Orocio*, 645 F.3d 630, 641 (3d Cir. 2011) (finding the holding of *Padilla* retroactive). The court need not toss its proverbial hat in the retroactivity ring, because even assuming, *arguendo*, that *Padilla* is retroactive, Defendant's motion is barred under § 2255(f)(3). The Supreme Court issued its opinion in *Padilla* on March 31, 2010. Accordingly, Defendant had one year from this date to file a timely motion to vacate under § 2255(f)(3). Because Defendant did not file her motion until April 26, 2011, nearly a month after the one-year statute of limitations expired, it is untimely under § 2255(f)(3).

The motion must also be denied because Defendant has not established that she is in custody for the purposes of § 2255(a). Although the "in custody" requirement does not require "a prisoner be physically confined in order to challenge his sentence," the Supreme Court in *Melang* observed that it had never held that a prisoner "may be 'in custody' under a conviction when the sentence imposed for that conviction has *fully expired* at the time his petition is filed" and noted that its holding in *Carafas v. LaVallee*, 391 U.S. 234 (1968), "strongly implies the contrary." *Melang*, 490 U.S. at 491. Here, Defendant does not claim that she is physically incarcerated or under any sentence of supervised release arising directly from her conviction in this case, but states that following the completion of her sentence, she was placed in the custody of ICE for possible deportation. Collateral immigration consequences, however, do not satisfy the "in custody" requirement of § 2255(a) even if deportations proceedings are pending. *See Kandiel v. United States*, 964 F.2d 794, 796 (8th Cir. 1992) ("Because [defendant's]

7

sentence was fully expired by the time he filed his section 2255 motion and the current deportation proceedings against him are merely a collateral consequence of his conviction, he is not 'in custody' for the purposes of section 2255."); *United States v. Esogbue*, 357 F.3d 532, 534 (5th Cir. 2004); *Adegbuji v. United States*, No. 03-2667, 2003 WL 21961122, at *3 (S.D.N.Y. Aug. 18, 2003) (holding that a defendant was not "in custody" for the purposes of § 2255 because his "current INS incarceration is a collateral consequence of his convictions for the purposes of section 2255.")

Because Defendant did not file her motion within the limitations period of § 2255(f) and has not shown that she is "in custody" for the purposes of § 2255(a), the court lacks jurisdiction to consider the § 2255 motion.

Even if it were not procedurally barred, the motion would be denied as lacking merit. To prevail on a Sixth Amendment ineffective assistance claim, a defendant must satisfy the *Strickland* two-prong test. "First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed by the Sixth Amendment." *Strickland*, 466 U.S. at 687. "Second, the defendant must show that the deficient performance prejudiced the defense." *Id.* In the context of a guilty plea, a defendant satisfies this second prong when she shows that there is "a reasonable probability that but for counsel's errors, [she] would not have pleaded guilty and would insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985). The test is objective, not subjective, and a defendant does not satisfy the prejudice prong by simply saying after the fact that she would have gone to trial if she had received different advice. *Pilla v. United States*, 668 F.3d 368, 373 (6th Cir. 2012).

Defendant has not made the requisite showing under the second prong. Despite being indicted on ten counts related to the unlawful sale of ephedrine, Defendant's trial counsel negotiated a plea agreement which provided for the dismissal of seven counts, including all three felony charges, so long as Defendant pled guilty to three misdemeanors. At sentencing the court described the deal as "an extraordinarily generous plea agreement," (Sentencing Tr., April 17, 2006, 21:24-22:4, Dkt. # 113), an observation the court restates today given the strength of the Government's evidence, which included numerous undercover purchases by a Drug Enforcement Agency agent of ephedrine in amounts far surpassing the legal limit and Defendant's recorded statements to the agent that she knew that the transactions were illegal, (*id.* 13:15-23).

Apparently conceding the fact that she is unable satisfy the objective prejudice prong by showing that but for trial counsel's failure to advice her of the consequences of her guilty plea she would haven proceeded to trial on each of the ten counts, Defendant argues that she can satisfy the second prong of *Strickland* by showing that she could have negotiated a better plea agreement if she had been properly informed of the immigration consequences of her plea. (Def.'s Reply 3.) Although Defendant generically cites to *Padilla* for this proposition—albeit without any pin cite—the case simply does not support the assertion. *Padilla* does no more than state that to satisfy the prejudice prong a defendant "must convince the court that a decision to reject the plea bargain would have been rational under the circumstances." *Padilla*, 130 S. Ct. at 1485. Here, in light of quantity and serious nature of the charges, and the overwhelming evidence against her, Defendant has simply not shown that there was a reasonable probability that she would have proceeded to trial or that it would have been

9

rational under the circumstances to reject the plea agreement. And even if a defendant could hypothetically satisfy the objective prejudice prong by showing that a better plea bargain could have been had but for counsel's mistaken advice, Defendant has made no such showing. There is no indication that the Government, after agreeing to dismiss all but three counts, would have agreed to further concessions. Having failed to establish prejudice under *Strickland*, Defendant's § 2255 motion would therefore be denied on the merits.

## VI.  CONCLUSION

For the reasons stated above, IT IS ORDERED that Defendant's "Motion for Extension of Time to File Response/Reply Out of Time" [Dkt. # 126] is GRANTED. The Clerk of the Court is DIRECTED to docket Defendant's proposed reply, attached as exhibit one to the motion, as Defendant's reply to the Government's response in opposition."

IT IS FURTHER ORDERED that Defendant's "Motion to Vacate Sentence Under 28 U.S.C. § 2255" [Dkt. # 118] is DENIED. A duplicate of this motion, filed on the same day by Defendant's counsel and docketed as a "Motion to Vacate Conviction and Guilty Plea for Ineffective Assistance of Counsel" [Dkt. # 116] is TERMINATED.

                    s/Robert H. Cleland
                    ROBERT H. CLELAND
                    UNITED STATES DISTRICT JUDGE

Dated:  July 31, 2012

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, July 31, 2012, by electronic and/or ordinary mail.

                                            s/Lisa Wagner
                                            Case Manager and Deputy Clerk
                                            (313) 234-5522